# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CV-195-TLS |
| ) | |
| SHEILA M. KIKALOS, individually and d/b/a ) | |
| VALLA DEL SOL a/k/a VILLA DEL SOL, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Dismiss Defendant's Counterclaim for Failure to State a Claim [ECF No. 10] and accompanying Brief in Support [ECF No. 11], filed on October 20, 2014. The Plaintiff/Counter-Defendant, J & J Sports Productions, Inc., asks the Court to dismiss the counterclaim filed by Defendant/Counter-Plaintiff Sheila M Kikalos, individually and d/b/a/ Valla Del Sol a/k/a Villa Del Sol. The Defendant/Counter-Plaintiff filed a Response [ECF No. 14] on November 6, 2014. The Motion is now fully briefed and ripe for ruling. For the reasons stated in this Opinion and Order, the Court will deny the Plaintiff/Counter-Defendant's Motion.[1]

## BACKGROUND

The Plaintiff, J & J Sports Productions, Inc. ("J & J Sports"), is a company that licenses sports programming for viewing by television audiences. Valla Del Sol, also known as Villa Del Sol, is a commercial establishment located in Merrillville, Indiana, that the Plaintiff alleges is

---

[1]For the sake of simplicity, the Court will refer to the parties as either Plaintiff or Defendant, rather than Plaintiff/Counter-Defendant and Defendant/Counter-Plaintiff throughout the remainder of the Opinion and Order.

owned and operated by the Defendant, Sheila M. Kikalos. The Plaintiff alleges that it possessed the exclusive nationwide commercial distribution rights to the Manny Pacquiao versus Timothy Bradley, WBO World Welterweight Championship Fight Program ("Pacquiao Program") that was broadcast nationwide via closed-circuit television on Saturday, June 9, 2012. The Plaintiff alleges that it entered into sub-licensing agreements with various commercial establishments to permit public exhibition of the Pacquiao Program, and that the Defendant unlawfully intercepted and exhibited the Pacquiao Program in her establishment without the Plaintiff's authorization.

The Plaintiff filed a three-count Complaint [ECF No. 1] on June 5, 2014, alleging conversion and violations of 47 U.S.C. §§ 553 and 605, for which the Plaintiff seeks compensatory and punitive damages as well as attorneys' fees. In addition to denying the allegations in her Answer [ECF No. 9], filed on September 26, 2014, the Defendant filed a Counterclaim against the Plaintiff alleging fraud based on the same facts and circumstances alleged in the Plaintiff's Complaint. At issue is whether the Counterclaim should be dismissed for failure to state a claim.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, when pleading fraud, the federal rules set a higher bar. Federal Rule of Civil Procedure 9(b) states that in fraud cases, "a party must state with particularity the circumstances constituting fraud." The Seventh Circuit has stated that Rule 9(b) "effectively carves out an exception to the otherwise generally liberal pleading requirements under the Federal Rules." *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chi.*, 927 F.2d 988, 992 (7th Cir. 1991). To satisfy the requirement of Rule 9(b), a plaintiff pleading fraud must state "'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). Stated

differently, a plaintiff pleading fraud must describe "the who, what, when, where, and how of the fraud." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013) (internal quotation marks and citation removed).

## DISCUSSION

**A.  Fraud**

The Defendant asserts a counterclaim of fraud against the Plaintiff, which the Plaintiff moves to dismiss for failure to state a claim. To establish fraud, a plaintiff must show:

> (1) a material representation of a past or existing fact by the party to be charged that; (2) was false; (3) was made with knowledge or reckless ignorance of its falsity; (4) was relied upon by the complaining party; and (5) proximately caused the complaining party's injury. *Youngblood v. Jefferson Cnty. Div. of Family & Children*, 838 N.E.2d 1164, 1169–70 (Ind. Ct. App. 2005). Actual fraud may not be based upon representations of future conduct, broken promises, or representations of existing intent that are not executed. *Bilimoria Computer Sys., LLC v. Am. Online, Inc.*, 829 N.E.2d 150, 155 (Ind. Ct. App. 2005). Proximate cause exists when there is some direct relation between the injury asserted and the injurious conduct alleged. *Holmes v. SIPC*, 503 U.S. 258, 268 (1992).

*Ruse v. Bleeke*, 914 N.E.2d 1, 10–11 (Ind. Ct. App. 2009). In reviewing the sufficiency of the counterclaim, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the Defendant. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). According to the Defendant, on or about February 6, 2013, counsel for the Plaintiff, Thomas P. Riley, sent a letter regarding the Pacquiao Program to the Defendant. Countercl. ¶ 2, ECF No. 9 at 15; Ex. A, ECF No. 9-1. On or about June 14, 2013, and June 24, 2013, Attorney Riley, acting as counsel for Joe Hand Promotions, Inc. ("Joe Hand Promotions"), sent two more letters in similar format and with similar allegations as the February 6 letter to the

4

Defendant. *Id.* ¶ 3; Ex. B & C, ECF Nos. 9-2 and 9-3. These letters mirror the February 6 letter, except that they identify Joe Hand Promotions as the client and refer to the alleged unauthorized exhibition of the Ultimate Fighting Championship 156: Jose Also versus Frankie Edgar ("UFC Program") that occurred on February 2, 2013. The Defendant alleges that Joe Hand Promotions, through its counsel, Attorney Riley, represented that it had exclusive rights to the fight programming and that the Plaintiff and the Defendant negotiated and executed a General Release of all claims related to the subject matter of Attorney Riley's correspondence. *Id.* ¶ 5. According to the Defendant, the Plaintiff, with the intent to deceive, materially misrepresented the nature and scope of the General Release, inducing her to accept a settlement which she believed resolved all claims that were the subject of Attorney Riley's correspondence (all three letters), including the Pacquiao Program at issue in this action. *Id.* ¶¶ 7–10.

The Plaintiff takes issue with paragraph 4 of the Counterclaim, whereby the Defendant asserts "[t]he degree to which the Plaintiff, J & J Sports Productions, Inc., and Joe Hand Promotions, Inc., act in concert, through conspiracy, and/or as one another's alter ego is highlighted by actions in another matter involving a similar claim wherein Joe Hand Promotions, Inc., misnamed 'itself in its own statement of facts, claiming that the plaintiff in this action is J & J Sports Production, Inc." *Id.* ¶ 4 (quoting *Joe Hand Promotions, Inc. v. Abrell*, No. 1:10-CV-450-TWP-DML, 2012 WL 2458636, at *4 (S.D. Ind. June 27, 2012)). The Plaintiff argues that the Defendant's apparent claim that J & J Sports and Joe Hand Promotions are the same company is a legal conclusion that the Court need not accept as true. Mem. in Supp. Mot. to Dismiss 2–3, ECF No. 11 (citing *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")). The

Plaintiff contends that the only basis the Defendant offers for J & J Sports and Joe Hand Promotions being the same company is that they have the same attorney and that Joe Hand Promotions accidentally referred to itself as J & J Sports in briefing in another case.

According to the Plaintiff, it is unremarkable that arguments made on behalf of J & J Sports and Joe Hand Promotions overlap because both companies bring the same causes of action (for violations of 47 U.S.C. §§ 553 and 605 and for conversion) since they both license sports programming to commercial establishments. The Plaintiff contends that J & J Sports licenses boxing matches while Joe Hand Promotions licenses Ultimate Fighting Championship (UFC) events. The Plaintiff admits that Attorney Riley represents both J & J Sports and Joe Hand Promotions, but argues that this fact "does not *ipso facto* create a conspiracy or establish that Joe Hand Promotions, Inc. and J & J Sports Productions, Inc. are the same company" and that it is common for attorneys to represent similar clients with similar claims. *Id.* at 6.

The Plaintiff acknowledges that the plaintiff in *Abrell*, Joe Hand Promotions, mistakenly referred to itself as J & J Sports in a brief filed with the court. The court noted this irregularity, which it surmised was the result of much copy-and-paste work in Joe Hand's briefing, but the Plaintiff contends that this amounts to no more than a mere typographical error, which does not show a conspiracy or that J & J Sports and Joe Hand Promotions are the same company.

The Defendant counters that the facts that the same attorney represents both companies and that Joe Hand Promotions misnamed itself as J & J Sports in a brief are relevant in alleging a conspiracy and/or alter ego relationship. Further, the Defendant contends that the Plaintiff's arguments as to these facts are arguments as to their weight, which have no bearing on the determination of whether the counterclaim states a claim upon which relief may be granted

because the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the Defendant. The Court finds that paragraph 4 of the Counterclaim contains allegations of facts, not legal conclusions, as to the significance of J & J Sports and Joe Hand Promotions having the same counsel and Joe Hand misnaming itself in another matter. These factual allegations offer support but do not definitively determine the crux of the matter, which is whether the Defendant sufficiently states a claim for relief for fraud. As discussed below, this determination requires the presence of other necessary factual allegations within the Counterclaim.

The Defendant argues that her Counterclaim alleges additional facts to support her claim that the Plaintiff does not address. Namely, the Defendant cites the three letters sent by Attorney Riley on behalf of J & J Sports and Joe Hand Promotions regarding allegations of alleged improper viewing of sporting events. The Defendant alleges that Joe Hand Promotions, through its counsel, in negotiating and executing a General Release with the Defendant, represented that it had exclusive rights to the programming and would settle and release all claims relating to Attorney Riley's correspondence (i.e., all three letters covering both the Pacquiao Program and the UFC Program). Thus, the Defendant alleges that the Plaintiff made material misrepresentations of fact, with knowledge or reckless disregard of their falsity, that the Defendant relied upon in believing that the General Release settled all claims relating to Attorney Riley's correspondence, including the Pacquiao Program.

The Court finds that the Defendant has sufficiently pled her Counterclaim. Although the Plaintiff contends that the Defendant has not met the heightened pleading standard for fraud pursuant to Rule 9(b), the Defendant has alleged facts regarding "the identity of the person

making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Grenadyor*, 772 F.3d at 1106; *Beyrer*, 722 F.3d at 950 (noting that a plaintiff pleading fraud must describe "the who, what, when, where, and how of the fraud"). These alleged facts, which the Court must accept as true, *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014), indicate that Attorney Riley, counsel for both J & J Sports and Joe Hand Promotions, represented that Joe Hand Promotions had exclusive rights to the fight programming and that the General Release covered all claims related to the subject matter of Attorney Riley's correspondence, including the first letter regarding the Pacquiao Program. The alleged misrepresentation was made through the three letters, written in February and June of 2013, and the General Release, negotiated and executed subsequent to those letters. The "exact level of particularity that is required will necessarily differ based on the facts of the case," *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011), and these alleged facts give the Plaintiff "fair notice" of the Defendant's claims, *Vicom, Inc. v. Hardbridge Merch. Servs.*, 20 F.3d 771, 777–78 (7th Cir. 1994), so that it is informed of the nature of the claimed wrong, enabling it to formulate an effective response and defense. *Mathioudakis v. Conversational Computing Corp.*, No. 1:12-CV-558-JMS-DKL, 2012 WL 4052316, at *4 (S.D. Ind. Sept. 13, 2012).

Operating under the proper "assumption that all the allegations in the complaint are true (even if doubtful in fact)," *Twombly*, 550 U.S. at 555, the Court finds that the Defendant has pled facts supporting a claim to relief that is plausible rather than merely conceivable or speculative. "[A]ll this means is that the plaintiff must include enough details about the subject-matter of the case to present a story that holds together. At this pleading stage, we do not ask whether these

8

things actually happened; instead, the proper question to ask is still *could* these things have happened." *Runnion ex.rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, No. 14-1729, 2015 WL 2151851, at *12 (7th Cir. May 8, 2015) (citing *Carlson*, 758 F.3d at 827 (internal quotation marks and citations omitted).

The facts alleged by the Defendant plausibly state a claim to relief and meet Rule 9(b)'s particularity requirement, which "must be read in conjunction with Rule 8's liberal notice pleading standards." *Mathioudakis*, 2012 WL 4052316, at *4 (citing *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir. 1975)). The Plaintiff has fair notice of the nature of the claim and will be able to prepare its response and defense to the Defendant's allegations. *See Runnion*, 2015 WL 2151851, at *3; *accord*, *Bausch v. Stryker Corp.*, 630 F.3d 546, 559–62 (7th Cir. 2010) (reversing dismissal where complaints gave fair notice of claims). Therefore, the motion to dismiss the Counterclaim is denied.

**B.  Damages**

The Defendant's prayer for relief, found in the final paragraph of the Defendant's Counterclaim, provides:

> WHEREFORE, Defendant/Counter-Plaintiff, Sheila M. Kikalos, individually and d/b/a Valla Del Sol a/k/a Villa Del Sol, prays for a judgment against Plaintiff/Counter-Defendant J&J Sports Productions, Inc., that will compensate her for her damages, for treble damages, expenses, and attorney's fees pursuant to Ind. Code § 34-24-3-1 and as authorized by Indiana law, for costs of this action, and for all other just a[nd] proper relief.

Countercl. ¶ 12, ECF No. 9 at 17. The Plaintiff argues that the request for "treble damages, expenses, and attorney's fees pursuant to Ind. Code § 34-24-3-1" is invalid because the

Defendant has not alleged a crime and even if she had, there can be no recovery because criminal fraud is not covered by Ind. Code § 34-24-3-1. The Defendant cites to *Wysocki v. Johnson*, 18 N.E.3d 600 (Ind. 2014) and argues that the Indiana Supreme Court has found that a claim for common law fraud based on a false document sufficiently overlaps with the elements of a claim for criminal deception that a finding of actual fraud would also support a claim for treble damages.

In Indiana, a party may seek as a civil remedy damages, fees, and costs under the Crime Victims Relief Act if it proves a predicate crime under the Act. Indiana Code § 34-24-3-1, titled "Pecuniary loss as result of property offenses," allows for a plaintiff "who suffers a pecuniary loss as a result of a violation of IC 35-43[ (crimes against property)], IC 35-42-3-3[ (criminal confinement)], IC 35-42-3-4[ (interference with custody)], or IC 35-45-9[ (criminal gang control)]" to bring a civil action against a person who caused the loss. Ind. Code § 35-43 deals with crimes against property, and criminal deception, Ind. Code § 35-43-5-3, is of particular relevance here.

In *Wysocki*, the plaintiffs were awarded compensatory damages for common-law fraudulent misrepresentation but the trial court denied their request for attorney's fees and additional damages pursuant to § 34-24-3-1 ("the CVRA"). The plaintiffs argued that the court was required to make some award for fees and costs because they had established the CVRA predicate crime of deception, and sought a bright-line rule that every knowing misrepresentation constitutes criminal deception, giving rise to CVRA liability. The Indiana Court of Appeals concluded that the plaintiffs failed to prove criminal deception because the elements of that offense are not the same as common law fraud. However, on transfer, the Indiana Supreme Court

disagreed, finding that "the elements of criminal deception overlap significantly: 'knowingly or intentionally making a false or misleading written statement with intent to obtain property.'" *Wysocki*, 181 N.E.3d at 604 (quoting I.C. § 35-43-5-3(a)(2)). Thus, the Indiana Supreme Court held that it was within the trial court's discretion to rely on common law fraud and not grant CVRA relief. *Id.* at 605 ("And if a trial court has discretion to decide whether conduct is 'heinous' enough to warrant punishment under the CVRA, it surely has similar discretion not to invoke the CVRA *at all* when plaintiffs plead multiple alternative theories for recovery. . . . [A]s this case illustrates, a trial court may find compensatory damages to be warranted, yet be reluctant to find a defendant's conduct 'heinous' enough to punish under the CVRA.").

> Plaintiffs are free to choose, by their pleadings, to place all their eggs in the CVRA basket and take their chances on the factfinder's assessment of criminality in exchange for the assurance of recovering costs and attorney fees if they prevail. But they are also free, as here, to plead other remedies in the alternative to the CVRA to hedge against being shut-out from compensatory damages if the trial court is reluctant to impose quasi-criminal liability. In those circumstances, the trial court has discretion over which remedies to award. Accordingly, the trial court was within its discretion to award compensatory damages for common-law fraudulent misrepresentation, while declining relief under the Wysockis' alternative CVRA theory.

*Id.* at 606.

In *Wysocki*, the plaintiffs pled the elements of common law fraudulent misrepresentation and asked for, in relevant part, "an amount reasonably calculated to compensate the Wysockis for their damages, treble damages allowed under the [CVRA], . . . and for any and all other releif that this honorable Court finds just and proper." *Id.* at 605 (emphasis omitted). The Indiana Supreme Court held that this prayer for relief presented two alternative theories of liability (tort liability and quasi-criminal liability), and that the trial court's decision to award compensatory

11

damages for common-law fraud, while declining relief under the CVRA, was within its discretion. Here, the Defendant has pled the elements of fraud and prays for a judgment that "will compensate her for her damages, for treble damages, expenses, and attorney's fees pursuant to Ind. Code § 34-24-3-1 and as authorized by Indiana law, . . . and for all other just a[nd] proper relief." Countercl. ¶ 12, ECF No. 9 at 17. The Defendant alleges that false representations in the letters and General Release induced the payment of a settlement that misrepresented the scope and nature of the General Release, whereby the Defendant believed that the settlement covered all matters related to Attorney Riley's correspondence. The Defendant argues this is sufficient to support a claim for relief under the CVRA. In reviewing the Counterclaim and the relevant case law, the Court finds that the Defendant's Counterclaim sufficiently pleads alternative remedies, as well as a plausible claim to relief for fraud, and will therefore deny the Plaintiff's request to declare the Defendant's claim for treble damages invalid at this time, subject to discovery and further developments in this case.

## CONCLUSION

For the reasons stated above, the Court DENIES the Plaintiff's Motion to Dismiss [ECF No. 10] the Counterclaim.

SO ORDERED on May 21, 2015.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION